# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN

NICOLLE HUNSBERGER; and )
KI HUNSBERGER, )
      Plaintiffs, )
 
v. ) Civil Action No. _____
 
MEDICREDIT, INC.; and )
DOE 1-5 )
      Defendants. )

## COMPLAINT
**(Jury Trial Demanded)**

1. Plaintiffs allege violation of the Fair Debt Collection Practices Act, 15 U.S.C. 1692 et seq. ("FDCPA").

## JURISDICTION AND VENUE

2. This Court exercises jurisdiction under 15 U.S.C. 1692k and 28 U.S.C. 1331. This District is of proper venue as Plaintiffs are residents within this District and Defendants engaged in the activities alleged herein while Plaintiffs so resided.

## PARTIES

3.      Plaintiffs, Nicolle and Ki Hunsberger (hereinafter "Plaintiffs" or "Mr. & Mrs. Hunsberger"), are natural persons residing in Westland, Michigan.  Defendant, MEDICREDIT, INC., is a Missouri corporation believed to maintain its principle place of business at 3620 I70 Drive SE, Suite C in Columbia, Missouri.

4.      Plaintiffs are ignorant of the true names and capacities of the defendants sued herein as DOE 1-5, and therefore sues these defendants by such fictitious names.  Plaintiffs will amend this Complaint to allege the true names and capacities once ascertained.  Plaintiffs believe and thereon allege that the fictitiously named defendants are responsible in some manner for the occurrences herein alleged, and that such defendants are responsible to Plaintiffs for damages and/or monies owed.

5.      MEDICREDIT, INC. and DOE 1-5 shall hereafter be jointly referred to as "Defendants."

6.      Defendants regularly operate as third-party debt collectors and are "debt collectors" as defined by 15 U.S.C. 1692a.

## FACTUAL ALLEGATIONS

7.      In or before March of 2013 Defendants began contacting Mr. & Mrs. Hunsberger in an attempt to collect a consumer debt that they allegedly owed.

8.      Defendants called Mr. & Mrs. Hunsberger up to 6-times per day without ever leaving a message although the Hunsbergers maintained an answering machine at all times.

9.      Defendants placed no less than 91 calls to the Hunsbergers between February 25 and May 30, 2013 alone.

10. Increasingly harassed by Defendants' excessive calls, the Hunsbergers retained counsel with Centennial Law Offices.

11. On May 30, 2013, Centennial Law Offices staff contacted Defendants, advised Defendants that the Hunsbergers were represented by counsel, and provided counsel's contact information. In response to Defendants' request, a letter of representation was also faxed to Defendants on May 30, 2013.

12. On May 31, 2013, Centennial Law Offices staff contacted Defendants and obtained the details on the debt allegedly owed by the Hunsbergers.

13. On June 1, 2013, the Hunbergers' counsel sent a letter to Defendants advising them of the Hunbergers' FDCPA claim and affording Defendants with an opportunity to resolve the claim prior to litigation.

14. On or about June 30, 2013, Defendants mailed a collection letter directly to the Hunsbergers.

15. As a direct result of the collection activity herein alleged, the Hunsbergers incurred legal fees of $2,355.00.

## CAUSES OF ACTION

### COUNT I

16. Plaintiffs re-alleges paragraphs 1 through 15, inclusive, and by this reference incorporate the same as though fully set forth herein. Plaintiffs are informed and believe and herein allege that Defendants, and each of them, violated 15 U.S.C. 1692d with regards to Plaintiffs as follows: The volume and nature of Defendants' calls to Plaintiffs constitutes conduct

the natural consequence of which was to harass, oppress, or abuse Plaintiffs in connection with the collection of a debt.

## COUNT II

17. Plaintiffs re-alleges paragraphs 1 through 15, inclusive, and by this reference incorporate the same as though fully set forth herein. Plaintiffs are informed and believe and herein allege that Defendants, and each of them, violated 15 U.S.C. 1692c(a)(2) with regards to Plaintiffs as follows: In spite of actual knowledge that Plaintiffs were represented by counsel and having the means to contact Plaintiffs' counsel, Defendants continued to direct debt collection communications to Plaintiffs.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for judgment against Defendants, and each of them, as follows:

1.) For statutory damages in the amount of $1,000 pursuant to 15 U.S.C. 1692k(2);

2.) For actual damages of $2,355.00 for legal costs in responding to unlawful collection activity;

3.) For prejudgment interest in an amount to be proved at time of trial;

4.) For attorney's fees pursuant to 15 U.S.C. 1692(k);

5.) For the costs of this lawsuit; and

6.) For any other and further relief that the court considers proper.

## JURY DEMAND

Plaintiff demands a jury trial.

Date:  March 6, 2014

                                                s/Robert Amador
                                                _____
ROBERT AMADOR, ESQ.
Attorney for Plaintiff NICOLLE HUNSBERGER
and KI HUNSBERGER
Centennial Law Offices
9452 Telephone Rd. 156
Ventura, CA. 93004
(888)308-1119 ext. 11
R.Amador@centenniallawoffices.com